UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP GORBULSKY on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PRAXIS FINANCIAL SOLUTIONS, INC; JOHN DOES 1-25; OLIPHANT FINANCIAL GROUP, LLC, and JANE DOES 1-25;<br><br>Defendant(s). | Civil Case No.: 14-cv-3907<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, PHILIP GORBULSKY on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, PRAXIS FINANCIAL SOLUTIONS ("Praxis"); JOHN DOES 1-25; OLIPHANT FINANCIAL GROUP, LLC ("Oliphant"), and JANE DOES 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, County of Kings, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant, PRAXIS is a foreign corporation with a business address located at 7301 N. Lincoln Avenue, Suite 220, Lincolnwood, Illinois 60712-1733.

8. Upon information and belief, Defendant PRAXIS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant PRAXIS is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendant PRAXIS whose identities will be disclosed in discovery and should be made parties to this action.

11. Defendant, OLIPHANT is a foreign limited liability company with a business address located at 9009 Town Center Parkway, Lakewood Ranch, Florida 34202.

12. Upon information and belief, Defendant OLIPHANT is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant OLIPHANT is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

14. Jane Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendant OLIPHANT whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint

16. This Action is properly maintained as a statewide class action. The Class consists of:

- All New York consumers who were sent letters and/or notices from PRAXIS concerning an M&T bank obligation, which stated "If you are not disputing the validity of the debt, we have been authorized to offer you an opportunity to liquidate your indebtedness on you M&T Bank account" and also included the statement, "Your acceptance of the offer(s) described above this letter prior to the

   expiration of the 30-day period for dispute will not extinguish your right to dispute all or part of the original debt."

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A;,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

       d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. OLIPHANT collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. PRAXIS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

17. OLIPHANT is a "debt collector" as defined by 15 U.S.C. §1692a(6).

18. PRAXIS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. Sometime prior to April 21, 2014 Plaintiff allegedly incurred a financial obligation to M&T Bank. ("M&T").

20. Sometime prior to April 21, 2014 the M&T obligation became past due.

21. M&T is a "creditor" as defined by 15. U.S.C. §1692a(4).

22. OLIPHANT is a "creditor" as defined by 15. U.S.C. §1692a(4).

23. At some time prior to April 21, 2014 M&T, either directly or through intermediate transactions assigned, placed, transferred or sold the M&T obligation to OLIPHANT.

24. At sometime prior to April 21, 2014 M&T, either directly or through intermediate transactions assigned, placed, transferred or sold the M&T obligation to PRAXIS.

25. At sometime prior to April 21, 2014 OLIPHANT, either directly or through intermediate transactions assigned, placed, transferred or sold the M&T obligation to PRAXIS.

26. At the time OLIPHANT assigned, placed, transferred or sold the M&T obligation to PRAXIS, PRAXIS was an agent of OLIPHANT.

27. At the time the M&T obligation was assigned, placed, transferred or sold to OLIPHANT, such obligation was past due.

28. At the time the M&T obligation was assigned, placed, transferred or sold to PRAXIS, such obligation was past due.

29. On or about April 21, 2014 Defendant PRAXIS, caused to be delivered to Plaintiff a letter in an attempt to collect the alleged M&T obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

30. The April 21, 2014 letter was sent or caused to be sent by persons employed by PRAXIS as a "debt collector" as defined by 15 U.S.C. §1692a(6).

31. The April 21, 2014 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

32. Upon receipt of the April 21, 2014, letter, Plaintiff read said letter.

33. PRAXIS contends that the alleged M&T obligation is in default.

34. OLIPHANT contends that the alleged M&T obligation is in default.

35. The alleged M&T obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

36. The April 21, 2014 letter states:

> Creditor: OLIPHANT FINANCIAL GROUP, LLC
> Original: M&T Bank

37. The April 21, 2014 letter also states what is commonly referred to as a 30 day notice pursuant to Section 1692(g) of the FDCPA that: "Unless you notify this office within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will obtain verification of debt or obtain a copy of a judgment and mail you a copy of such verification of judgment. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from current creditor."

38. The April 21, 2014 letter also stated: "If you are not disputing the validity of the debt, we have been authorized to offer you an opportunity to liquidate your indebtedness on your M&T Bank account."

39. The April 21, 2014 letter also stated: "Your acceptance of the offer(s) described above this letter prior to the expiration of the 30-day period for dispute will not extinguish your right to dispute all or part of the original debt."

40. The April 21, 2014 letter is materially false, deceptive and misleading, in that, *inter alia,* the statement: "Your acceptance of the offer(s) described above this letter prior to the expiration of the 30-day period for dispute will not extinguish your right to dispute all or part of the original debt" overshadows or contradicts the 30 day notice.

41. PRAXIS used unfair or unconscionable means to collect or attempt to collect the M&T obligation in the April 21, 2014 letter, in that, *inter alia,* the statement: "Your acceptance of the offer(s) described above this letter prior to the expiration of the 30-day period for dispute will not extinguish your right to dispute all or part of the original debt" causes the least sophisticated consumer uncertainty and forced him to guess, if/when PRAXIS collection efforts would actually stop if he disputed the validity of the debt and remitted the entire payment demanded.

42. PRAXIS intended that its materially false statements on its collection letter dated April 21, 2014 would cause Plaintiff and other consumers to incorrectly believe that they would benefit financially by immediately sending payment for the amount demanded regarding the "Settlement amount" rather than waiting to make such payment.

43. OLIPHANT is vicariously liable for the FDCPA violations alleged against PRAXIS for sending the April 21, 2014 collection letter to Plaintiff.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is PRAXIS's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A;** which violate the FDCPA, by inter alia:

> (a) Failing to provide the proper notices in their initial communication with the consumer
>
> (b) Using unfair or unconscionable means to collect or attempt to collect the debt;

45. On information and belief, PRAXIS sent a written communication, in the form annexed hereto as **Exhibit A** to at least 30 natural persons in the State of New York

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g et seq.

46. Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if the same were set forth at length.

47. Collection letters and/or notices such as those sent by PRAXIS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. It is a violation of Section 1692(g) of the FDCPA for language in a collection letter to overshadow or contradict the Section 1692(g) notice.

49. PRAXIS violated Section 1692g of the FDCPA in that the Section 1692(g) notice at the bottom of the letter is overshadowed or contracted by language at the bottom of the April 21, 2014 letter that states: "Your acceptance of the offer(s) described above this letter prior to the expiration of the 30-day period for dispute will not extinguish your right to dispute all or part of the original debt".

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692f et seq.

50. Plaintiff repeats the allegations contained in paragraphs 1 through 49 as if the same were set forth at length.

51. Section 1692f et seq. of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

52. PRAXIS used unfair or unconscionable means to collect the debt in its April 21, 2014 letter by stating "Your acceptance of the offer(s) described above this letter prior to the expiration of the 30-day period for dispute will not extinguish your right to dispute all or part of

the original debt" which causes the least sophisticated consumer uncertainty and forced him to guess, if/when PRAXIS collection efforts would actually stop if he disputed the validity of the debt and remitted the entire payment demanded.

## COUNT III

### OLIPHANT IS VIACARIOUSLY LIABLE FOR THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 *et seq,* <u>VIOLATIONS BY PRAXIS</u>

53. Plaintiff repeats the allegations contained in paragraphs 1 through 52 as if the same were set forth at length.

54. OLIPHANT is vicariously liable for the FDCPA violations in Counts I and II by its agent, PRAXIS, as the M&T obligation was past due when OLIPHANT assigned, placed, transferred or sold the M&T obligation to PRAXIS.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on each count as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq. and Benjamin J. Wolf, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

   (e)  Awarding Plaintiff and the Class actual damages;

   (f)  Pre-judgment interest;

   (g)  Post judgment interest ; and

   (h)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

   (i)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   June 19, 2014

              */s/ Joseph K. Jones*
              Joseph K. Jones (JJ-5509)
              Law Offices of Joseph K. Jones, LLC
              555 Fifth Avenue, Suite 1700
              New York, NY 10017
              (646) 459-4971 telephone
              (646) 459-7973 facsimile
              jkj@legaljones.com

              */s/ Benjamin J. Wolf*
              Benjamin J. Wolf (BW-3338)
              Law Offices of Joseph K. Jones, LLC
              555 Fifth Avenue, Suite 1700
              New York, NY 10017
              (646) 459-4971 telephone
              (646) 459-7973 facsimile
              bwolf@legaljones.com

              */s/ Daniel Hymowitz*
              Daniel Hymowitz (DH-0936)
              Hymowitz Law Group, LLC
              2080 Coney Island Avenue
              Brooklyn, New York 11223
              (718) 807-9900 telephone
              (866) 521-6040 facsimile
              daniel@hymowitzlaw.com

              *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf (BW-3338)

*/s/ Daniel Hymowitz*
Daniel Hymowitz (DH-0936)

# Exhibit A

PHILIP GORBULSKY, *et al.*,
v.
PRAXIS FINANCIAL SOLUTIONS, INC, and OLIPHANT FINANCIAL GROUP, LLC

Civil Case No.: *To Be Assigned*

Praxis Financial Solutions, Inc
7301 N. Lincoln Ave
Suite 220
Lincolnwood, IL 60712-1733



| | |
|---|---|
| OFFICE HOURS | |
| Monday - Thursday | 8AM - 8PM |
| Friday | 8AM - 5PM |
| Saturday | 8AM - 12PM |
| Toll Free Number | 866-611-3411 |
| Fax Number: | 847-679-7974 |

April 21 2014

1761109 - 13
GORBULSKY, PHILIP

12437-483

Creditor: OLIPHANT FINANCIAL GROUP, LLC
Original Creditor: M & T Bank
Account #: ████████70001
Current Balance: $4,920.37

 

ACA INTERNATIONAL
The Association of Credit
and Collection Professionals

Dear Philip,

Please contact our office to resolve this account. **See special offer below and reverse side for important information.**

Important notice required by law: this agency is engaged in the collection of debts. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will obtain verification of debt or obtain a copy of a judgment and mail you a copy of such verification of judgment. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

If you are not disputing the validity of the debt, we have been authorized to offer you an opportunity to liquidate your indebtedness on your M & T Bank account.

You actually owe: $4,920.37
Settlement amount: $3,444.26
Settlement Due: 05/30/2014

The settlement amount must be made in one payment and received in our office on or before 05/30/2014. Please note, we are not obligated to renew this offer. Upon receipt of the settlement amount, our client will notify the appropriate credit agencies that this account has been SETTLED IN FULL. Your acceptance of the offer(s) described above this letter prior to the expiration of the 30-day period for dispute will not extinguish your right to dispute all or part of the original debt.

Should you have any questions regarding your account, please feel free to contact me at 866-611-3411 Ext. 115

Sincerely,

George Kline
Account Representative

---

Please Detach and Return With Payment
or Pay using your Checking, Savings or by Credit Card on our secured web site www.Praxis-Financial.com

1761109 - 13
GORBULSKY, PHILIP

**IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW**

| □ VISA | □ MASTERCARD | □ DISCOVER | □ AMER. EXP. |
|---|---|---|---|
| CARD NUMBER | | EXP. DATE | AMOUNT |
| PRINT NAME | | MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD | |

Creditor: OLIPHANT FINANCIAL GROUP, LLC
Original Creditor: M & T Bank
Account #: ████████70001
Current Balance: $4,920.37
Settlement Amount: $3,444.26
Settlement Date: 05/30/2014

Praxis Financial Solutions, Inc
7301 N. Lincoln Ave
Suite 220
Lincolnwood, IL 60712-1733

1 of 1

We are required under certain State laws to notify consumers of those states specific rights. This is not a complete list of the right consumers have under Federal and State law.

**New York:** This collection agency's New York Department of Consumer Affairs license number is 501147.